FILED
5th JUDICIAL DISTRICT COURT
Eddy County
11/25/2020 1:14 PM
KAREN CHRISTESSON
CLERK OF THE COURT
Jennifer Florez

STATE OF NEW MEXICO
COUNTY OF EDDY
FIFTH JUDICIAL DISTRICT

MICHAEL BRYCE JONES,

        Plaintiff,

vs.                                                              No. D-503-CV-2020-00819
                                                               Judge Romero, Raymond L.

EDDY COUNTY COMMISSION,
the EDDY COUNTY DETENTION CENTER,
WARDEN BILLY MASSINGILL, Lt. ARMSTRONG,
Lt. CAPRILLOZI, TODD BANNISTER, and
DARLA BANNISTER,

        Defendants.

## COMPLAINT

**COMES NOW,** Plaintiff Michael Bryce Jones, by and through his attorneys Angel L. Saenz and David Proper, and brings this Complaint for the recovery of damages caused by the deprivation of civil rights and for the violation of his civil and constitutional rights, by stating as follows:

### JURISDICTION AND VENUE

1. Regarding subject matter jurisdiction, the Fifth Judicial District Court has exclusive original jurisdiction over Plaintiff's claims under the New Mexico Tort Claims Act. NMSA 1978, § 41-4-18(A) (1976).

2. Regarding subject matter jurisdiction, the Fifth Judicial District Court has concurrent jurisdiction over Plaintiff's federal § 1983 claims and federal constitutional claims. *Carter v. City of Las Cruces*, 1996-NMCA-047, ¶ 5, 121 N.M. 580, 915 P.2d 336.

1

EXHIBIT A

3. Regarding venue, the Fifth Judicial District Court is the proper venue because Plaintiff resides in and Plaintiff's causes of action under the New Mexico Tort Claims Act arose in Eddy County, New Mexico. § 41-4-18(B).

**PARTIES**

4. Plaintiff Michael Bryce Jones is a citizen and resident of the City of Carlsbad, County of Eddy, State of New Mexico.

5. Defendant Warden Billy Massingill, at all material times, was the warden of the Eddy County Detention Center (ECDC) and is sued in his individual and official capacities.

6. Defendants Lt. Armstrong at all material times, was in supervisory roles at ECDC and is being sued in his individual and official capacities.

7. Lt. Caprillozi, at all material times, was in supervisory roles at ECDC and is being sued in his individual and official capacities.

8. Defendants nurse Todd Bannister and nurse Darla Bannister, at all material times, were assigned to ECDC's medical unit and are being sued in their individual and official capacities.

**FACTUAL BACKGROUND MATERIAL TO ALL CLAIMS**

9. On or about November 30, 2018 through December 4, 2019, Plaintiff was incarcerated in the ECDC when he began to experience pain in his lower abdomen.

10. On or about November 30, 2019, Plaintiff's could not stand up straight, eat, or sleep because his abdominal pain was so excruciating.

11. Upon information and belief, Plaintiff originally thought the pain was associated with gastrointestinal ulcers and sought medical treatment from an unknown guard and nurse.

12. Plaintiff was not diagnosed or treated for appendicitis from November 30th through December 3rd.

13. Plaintiff continued to experience pain and exhibit obvious and serious symptoms through December 3, 2018, when it was discovered he may be suffering from appendicitis.

14. On December 3, 2018, ECDC refused to transport Plaintiff to the local hospital, Carlsbad Medical Center.

15. On or about December 3, 2018, Plaintiff's appendix ruptured and he was transported to Carlsbad Medical Center for an additional twenty-one (21) days, including several days in the Intensive Care Unit at Carlsbad Medical Center.

16. During his hospitalization, Plaintiff had 2 surgeries, one for the repair of the ruptured appendix and the other to resolve a valve blockage.

17. During an entire week post-surgery, Plaintiff's surgical wound was kept open since it had become infected.

18. During his stay at Carlsbad Medical Center, Plaintiff was only able to consume ice chips which proximately caused substantial weight loss.

19. On or about December 24, 2018, the Plaintiff was released from Carlsbad Medical Center.

**COUNT I: NEGLIGENCE OF PUBLIC EMPLOYEES ACTING WITHIN THE SCOPE OF THEIR DUTIES IN THE OPERATION OF A HOSPITAL, INFIRMARY, CLINIC, DISPENSARY, OR LIKE FACILITY**

20. Plaintiff incorporates by reference all allegations in Paragraphs 1 through 19 as though fully set forth herein.

21. Defendants Todd Bannister and/or Darla Bannister, both of whom are nurses, had a duty to diagnose and treat Plaintiff's appendicitis.

22. Nurse Todd Bannister and/or nurse Darla Bannister failed to diagnose and treat Plaintiff's appendicitis.

EXHIBIT A

23. In failing to diagnose and treat Plaintiff's appendicitis, nurse Todd Bannister's and/or nurse Darla Bannister's failed to exercise the requisite degree of skill and care ordinarily employed by the nursing profession generally, under similar conditions and in like surrounding circumstances.

24. As a proximate result of nurse Todd Bannister's and/or nurse Darla Bannister's failure to exercise the requisite degree of skill and care, Plaintiff suffered injuries including but not limited to rupture of Plaintiff's appendix, lost opportunity to operate on Plaintiff's appendix before it ruptured, infection, permanent disfigurement, pain and suffering, and mental anguish.

25. Similarly, an unknown guard failed to provide emergency medical care to treat Plaintiff's acute symptoms and underlying condition.

26. The unknown guard had a duty to provide emergency medical care to treat Plaintiff's acute symptoms and underlying condition.

27. The unknown guard failed to exercise the requisite degree of skill and care ordinarily employed by the prison guard profession generally, under similar conditions and in like surrounding circumstances.

28. As a proximate result of the unknown guard's failure to exercise the requisite degree of skill and care discussed above, Plaintiff suffered injuries including but not limited to rupture of Plaintiff's appendix, lost opportunity to operate on Plaintiff's appendix before it ruptured, infection, permanent disfigurement, pain and suffering, and mental anguish.

29. Nurse Todd Bannister and/or nurse Darla Bannister and the unknown prison guard were negligent while acting within the scope of their duties as public employees in the operation of a hospital, infirmary, clinic, dispensary, or like facility.

EXHIBIT A

30. Upon information and belief, nurses Todd Bannister and Darla Bannister and the unknown prison guard are public employees of ECDC and/or Eddy County.

31. Therefore, Defendants ECDC, Eddy County, Todd Bannister, Darla Bannister, and/or the unknown prison guard are liable under the New Mexico Tort Claims Act for any and all of Plaintiff's damages resulting from the injuries described in Paragraphs 23 and 27.

### COUNT II: DENIAL OF ESSENTIAL MEDICAL CARE—DEPRIVATIONS OF RIGHTS SECURED BY THE CONSTITUTION OF NEW MEXICO

32. Plaintiff incorporates by reference all allegations in Paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff required essential medical care to treat his appendicitis, an obvious, serious, and life threatening medical condition.

34. Plaintiff did not receive this essential medical care because Defendants did not provide it at ECDC, proximately causing his appendix to rupture and an infection to develop.

35. Plaintiff also did not receive this essential medical care because Defendants refused to transport Plaintiff to a hospital, proximately causing his appendix to rupture and an infection to develop.

36. The essential medical care in question was so needed by Plaintiff that its denial could not be supported by any competent recognized medical authority.

37. Plaintiff had been suffering from a severe and obvious illness or injury to his appendix at the time the essential medical treatment was not forthcoming.

38. The denial of this essential medical care was attributable to Defendants' denial to provide care at ECDC and to transport Plaintiff to the hospital.

39. Defendants' refusal to provide essential medical care at ECDC and to transport Plaintiff to the hospital was deliberately indifferent, not merely negligent

5

EXHIBIT A

40. Additionally, as a result of denying essential medical care, Plaintiff's conditions of confinement were inhumane.

41. Plaintiff, as an inmate of ECDC, had rights to humane conditions of confinement and essential medical care under the due process clause of Article II, Section 18 of the New Mexico Constitution.

42. Plaintiff, as an inmate of ECDC, had right to be free of cruel and unusual punishment resulting from a denial of essential medical care, according to Article II, Section 18 of the New Mexico Constitution.

43. Pursuant to the New Mexico Tort Claims Act, Defendants' deliberately indifferent denial to provide essential medical care to Plaintiff violated Plaintiff's rights under the due process and cruel and unusual punishment clauses of the New Mexico Constitution.

44. As a proximate result of these violations of the New Mexico Constitution and New Mexico Tort Claims Act, Plaintiff suffered injuries including but not limited to rupture of Plaintiff's appendix, lost opportunity to operate on Plaintiff's appendix before it ruptured, infection, permanent disfigurement, pain and suffering, mental anguish, and humiliation.

## COUNT III: DENIAL OF ADEQUATE ESSENTIAL MEDICAL CARE— DEPRIVATIONS OF RIGHTS SECURED BY THE CONSTITUTION OF NEW MEXICO

45. Plaintiff incorporates by reference all allegations in Paragraphs 1 through 44 as though fully set forth herein.

46. Plaintiff required the following essential emergency medical care: (a) an immediate appendectomy or (b) a procedure to drain his inflamed appendix followed by an immediate appendectomy.

47. The essential emergency medical care in question was so needed by Plaintiff that its denial could not be supported by any competent recognized medical authority.

48. Plaintiff did not receive this essential emergency medical care because Defendants did not provide it at ECDC, proximately causing his appendix to rupture and an infection to develop.

49. Plaintiff also did not receive this essential emergency medical care because Defendants refused to transport Plaintiff to a hospital, proximately causing his appendix to rupture and an infection to develop.

50. Plaintiff had been suffering from a severe and obvious illness or injury to his appendix at the time the essential emergency medical treatment was not forthcoming.

51. The denial of the essential emergency medical care in question was attributable to Defendants' denial to transport Plaintiff to the hospital.

52. Defendants' refusal to provide essential emergency medical care and to transport Plaintiff to the hospital was deliberately indifferent, not merely negligent.

53. Since Plaintiff required essential emergency medical care to treat his appendicitis, Plaintiff's situation constituted exceptional circumstances.

EXHIBIT A

54. Plaintiff did not receive this essential emergency medical care, instead, Plaintiff received treatment for his ruptured appendix and the resulting infection, after Plaintiff was eventually transported to the hospital.

55. Under these exceptional circumstances requiring essential emergency medical care, Plaintiff received inadequate medical care.

56. Additionally, as a result of receiving inadequate medical care, Plaintiff's conditions of confinement were inhumane.

57. Plaintiff, as an inmate of ECDC, had rights to adequate essential medical care and humane conditions of confinement under the due process clause of Article II, Section 18 of the New Mexico Constitution.

58. Plaintiff, as an inmate of ECDC, had right to be free of cruel and unusual punishment by receiving adequate essential medical care, according to Article II, Section 18 of the New Mexico Constitution.

59. Pursuant to the New Mexico Tort Claims Act, Defendants' deliberately indifferent denial to provide adequate essential medical care to Plaintiff violated Plaintiff's rights under the due process and cruel and unusual punishment clauses of the New Mexico Constitution.

60. As a proximate result of these violations of the New Mexico Constitution and New Mexico Tort Claims Act, Plaintiff suffered injuries including but not limited to rupture of Plaintiff's appendix, lost opportunity to operate on Plaintiff's appendix before it ruptured, infection, permanent disfigurement, pain and suffering, emotional distress, and humiliation.

EXHIBIT A

## COUNT IV: DENIAL OF ESSENTIAL MEDICAL CARE—DEPRIVATIONS OF RIGHTS SECURED BY SECTION 1983 AND THE CONSTITUTION OF THE UNITED STATES

61. Plaintiff incorporates by reference all allegations in Paragraphs 1 through 60 as though fully set forth herein.

62. Plaintiff required essential medical care to treat his appendicitis, an obvious, serious, and life threatening medical condition.

63. Plaintiff did not receive this essential medical care because Defendants did not provide it at ECDC, proximately causing his appendix to rupture and an infection to develop.

64. Plaintiff also did not receive this essential medical care because Defendants refused to transport Plaintiff to a hospital, proximately causing his appendix to rupture and an infection to develop.

65. The essential medical care in question was so needed by Plaintiff that its denial could not be supported by any competent recognized medical authority.

66. Plaintiff had been suffering from a severe and obvious illness or injury to his appendix at the time the essential medical treatment was not forthcoming.

67. The denial of this essential medical care in question was attributable to Defendants' denial to provide care at ECDC and to transport Plaintiff to the hospital.

68. Defendants' refusal to provide essential medical care at ECDC and to transport Plaintiff to the hospital was deliberately indifferent, not merely negligent.

69. Additionally, as a result of being denied essential medical care, Plaintiff's conditions of confinement were inhumane.

70. Plaintiff, as an inmate of ECDC, had a right to essential medical care under 42 U.S.C. § 1983.

71. Plaintiff, as an inmate of ECDC, had rights to humane conditions of confinement and to essential medical care under the due process clause of the Fourteenth Amendment. U.S. Const. amend. XIV, § 1.

72. Plaintiff, as an inmate of ECDC, had right to be free of cruel and unusual punishment resulting from a denial of essential medical care, according to Eighth Amendment. U.S. Const. amend. VIII.

73. Pursuant to the New Mexico Tort Claims Act, Defendants' deliberately indifferent denial to provide essential medical care to Plaintiff violated Plaintiff's rights under Section 1983 and the due process and cruel and unusual punishment clauses of the U.S. Constitution.

74. As a proximate result of these violations of Section 1983, U.S. Constitution, and the New Mexico Tort Claims Act, Plaintiff suffered injuries including but not limited to rupture of Plaintiff's appendix, lost opportunity to operate on Plaintiff's appendix before it ruptured, infection, permanent disfigurement, pain and suffering, emotional distress, and humiliation.

**COUNT V: DENIAL OF ADEQUATE ESSENTIAL MEDICAL CARE—
DEPRIVATIONS OF RIGHTS SECURED BY SECTION 1983 AND THE
CONSTITUTION OF THE UNITED STATES**

75. Plaintiff incorporates by reference all allegations in Paragraphs 1 through 74 as though fully set forth herein.

76. Plaintiff required the following essential emergency medical care: (a) an immediate appendectomy or (b) a procedure to drain his inflamed appendix followed by an immediate appendectomy.

77. The essential emergency medical care in question was so needed by Plaintiff that its denial could not be supported by any competent recognized medical authority.

78. Plaintiff had been suffering from a severe and obvious illness or injury to his appendix at the time the essential emergency medical treatment was not forthcoming.

79. The denial of the essential emergency medical care in question was attributable to Defendants' denial to transport Plaintiff to the hospital.

80. Defendants' refusal to transport Plaintiff to the hospital was deliberately indifferent, not merely negligent.

81. Since Plaintiff required essential emergency medical care to treat his appendicitis, Plaintiff's situation constituted exceptional circumstances.

82. Plaintiff did not receive this essential emergency medical care, instead, Plaintiff received treatment for his ruptured appendix and the resulting infection, when Plaintiff was eventually transported to the hospital.

83. Under these exceptional circumstances requiring essential emergency medical care, Plaintiff received inadequate medical care.

84. Additionally, as a result of receiving inadequate medical care, Plaintiff's conditions of confinement were inhumane.

85. Plaintiff, as an inmate of ECDC, had a right to adequate essential medical care under 42 U.S.C. § 1983.

86. Plaintiff, as an inmate of ECDC, rights to humane conditions of confinement and to adequate essential medical care under the due process clause of the Fourteenth Amendment. U.S. Const. amend. XIV, § 1.

87. Plaintiff, as an inmate of ECDC, had right to be free of cruel and unusual punishment resulting from a denial of adequate essential medical care, according to the Eighth Amendment. U.S. Const. amend. VIII.

88. Pursuant to the New Mexico Tort Claims Act, Defendants' deliberately indifferent denial to provide adequate essential medical care to Plaintiff violated Plaintiff's rights under Section 1983 and the due process and cruel and unusual punishment clauses of the U.S. Constitution.

89. As a proximate result of these violations of Section 1983, U.S. Constitution, and the New Mexico Tort Claims Act, Plaintiff suffered injuries including but not limited to rupture of Plaintiff's appendix, lost opportunity to operate on Plaintiff's appendix before it ruptured, infection, permanent disfigurement, pain and suffering, emotional distress, and humiliation.

**COUNT VI: CUSTOM AND POLICY OF VIOLATING CONSTITUTIONAL RIGHTS**

90. Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 89 as though fully set forth herein.

91. Defendant Warden Billy Massingill is the final policy maker responsible for the hiring, training, and supervision of the ECDC employees.

92. Defendant Todd Bannister is the final policy maker responsible for the hiring, training, and supervision of medical health staff at the ECDC.

93. Defendant Warden Billy Massingill and Todd Bannister's policies, therefore, become the custom and policies of Eddy County.

94. Defendants Warden Billy Massingill and Todd Bannister created a custom and policy of inadequate medical care for inmates confined at ECDC, as a cost saving measure.

95. Lack of reasonable and adequate medical care is detrimental to the health and wellbeing of inmates with serious and life threatening medical conditions.

EXHIBIT A

96. Defendants Massingill and Bannister knew of the harmful effects and dangers of inadequate medical care, but disregarded those dangers creating a policy and custom of lax immediate health care for inmates similarly situated as the Plaintiff.

97. Plaintiff asserts that Defendants Massingill and Bannister's policies and customs fell below the standard of care as required by the National Commission on Correctional Health Care (NCCHC) for running of the ECDC medical unit.

98. These policies and customs were the moving force behind the violation of Plaintiff's constitutional rights, which amounted to deliberate indifference.

99. Plaintiff has suffered damages and injuries including, but not limited to, pain and suffering, emotional distress and humiliation.as a result of these customs and policies.

## COUNT VII: VIOLATION OF PROCEDURAL DUE PROCESS

100. Plaintiff incorporates by reference all of the allegations in Paragraphs 1 through 99 as though fully set forth herein.

101. Due to Plaintiff's excruciating pain and discomfort, he was restricted from or had no access to the ordinary medical services provided to inmates at the jail.

102. Plaintiff's condition of confinement amounted to punishment since he was not provided with reasonable and adequate medical care from about November 30, 2018, through December 4, 2019.

103. Plaintiff had a due process right to a periodic review of his medical condition.

104. Defendant Massingill denied the Plaintiff procedural due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution.

105. Plaintiff suffered damages as a proximate cause of Warden Massingill's negligence.

## JURY DEMAND

106. The Plaintiff demands a trial by jury on all counts.

## REQUEST FOR RELIEF

**WHEREFORE,** the Plaintiff prays for judgment as follows:

A. Compensatory damages in as yet undetermined amount, jointly and severally against all Defendants, including damages for emotional harm and disfigurement;

B. Punitive damages in an as yet undetermined amount severally against the individually named Defendants;

C. Reasonable costs and attorneys' fees incurred in bringing this action; and

D. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

**ANGEL LOMELI SAENZ, P.A.**

*/s/ Angel L. Saenz*
Angel L. Saenz
New Mexico Bar No. 2320
Attorney for Plaintiff
333 S. Campo St.
Las Cruces, NM 88001
Tel: (575) 526-3333
Fax: (575) 523-2238
saenzlaw@zianet.com

-AND-

*/s/ David Proper*
Attorney for Plaintiff
P.O. Box 1662
Carlsbad, NM 88221
(575) 616-2296

14

EXHIBIT A